

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00225-CV

**ULLJA KUNTZE,**

                                                                          **Appellant**

 **v.**

**SANDRA COWAN AND WILLIAM E. FASON,**

                                                                          **Appellees**

### From the 21st District Court
### Burleson County, Texas
### Trial Court No. 28,904

## O R D E R

Ullja Kuntze filed suit against Sandra Cowan and William E. Fason on April 10, 2017. On the same date, the trial court determined, and signed an order, that Kuntze was unable to pay court cost.

On June 26, 2017, the trial court dismissed Kuntze's case against Cowan and Fason. Kuntze filed a notice of appeal.

On July 26, 2017, the trial court made a docket notation that "Ms. Kuntze is Not indigent." In reliance on the docket entry, obtaining the record in this proceeding has

awaited appellate review of that ruling.

Kuntze filed a motion contesting the trial court's determination that she is not unable to afford to pay court cost.[1] Kuntze contends the trial court erred in both the procedure for making the determination as well as on the merits of the determination. We agree with Kuntze.

Prior to determining on April 10, 2017 that Kuntze was unable to pay court cost, the trial court had not received a motion challenging Kuntze's "Affidavit of Indigency" filed on April 10, 2017 by any party, attorney, the clerk, the court reporter, or the trial court. *See* TEX. R. CIV. P. 145(f)(1), (2), (3), & (4). Additionally, *after* the April 10, 2017 order, there was no motion filed pursuant to Rule 145(f). *Id*. Moreover, there was no hearing noticed for reconsideration of the court's prior determination and no evidentiary hearing was held at which additional evidence could have been received. *Id*. (f)(5). Accordingly, the trial court had no basis upon which to re-determine the issue decided previously which resulted in the determination that Kuntze was unable to afford to pay court cost.

Accordingly, Kuntze's motion is granted to the extent the trial court's order determining that Kuntze is not unable to afford court cost is set aside. The trial court clerk and the trial court reporter are ORDERED to prepare and file with this Court's Clerk the clerk's record, pursuant to Texas Rule of Appellate Procedure 34.5, and the reporter's

---

[1] By a prior order, the motion was "moved" to another proceeding (10-17-00245-CV). But because it contained other motions, a copy of it was retained in this proceeding. The motion challenging the trial court's order regarding the inability to pay court cost, or not, is reinstated in this proceeding.

record, pursuant to Texas Rule of Appellate Procedure 34.6.  The clerk's and reporter's

records are due within 30 days of the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed August 29, 2018
Publish

